The Honorable Lewis Baker Mayor, City of Dumas 155 East Waterman Street Dumas, Arkansas 71639
Dear Mr. Baker:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Your question stems from a request made by the Dumas Clarion, pursuant to the FOIA, for a copy of certain records concerning Officer David Redar of the Dumas Police Department. In your correspondence you note that, after reviewing the records in question, the City of Dumas has determined that there is a compelling public interest in the disclosure of the records in question and would like to release the records to the public. You have requested that I render an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B) (Supp. 1993), as to whether the City of Dumas' decision to release the records in question is consistent with the FOIA. You have provided with your request copies of the records at issue.
The records attached to your request consist of the following: 1) a complaint form dated 11/24/93 used in the City of Dumas Police Department's internal investigation of Officer David Redar. This complaint form contains the details of the complaint against Officer Redar, as well as the results of the internal investigation (termination, with a ten (10) day appeal); 2) five memos regarding the circumstances surrounding the termination of Officer Redar; 3) a "Personnel Change-In-Status Report" completed by the Dumas Police Department and to be sent to the Commission on Law Enforcement Standards and Training; 4) a "Personnel Separation Notice" regarding the subject of retention of law enforcement certification to be sent to Officer Redar; and 5) a "City of Dumas Payroll Data" sheet containing a notice of termination. With regard to the complaint form and the five memos (items one and two listed above), it is my opinion that these records constitute "job performance records" for purposes of the FOIA. While the FOIA does not define "job performance records," this office has previously stated in attorney general's opinions that job performance records detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See e.g., Op. Att'y Gen. No. 92-191. We have previously opined that a letter of recommendation of termination, letters of reprimand and other disciplinary records are "job performance records." See Op. Att'y Gen. Nos. 88-097, 91-303, and 91-324. Such records are to be released under the FOIA if the employee has been suspended or terminated, the records formed the basis for the suspension or termination, final administrative resolution of the matter has been had, and there is a compelling public interest in their disclosure. A.C.A. 25-19-105(c)(1) (Supp. 1993). The records submitted with your request indicate that the employee in question has been terminated and, in my opinion, this particular violation of department policy gives rise to a compelling public interest in disclosure. If, therefore, the records (complaint form and five memos referred to above) formed the basis for the termination and final administrative resolution of the matter has been had, it is my opinion that the "job performance records" at issue in this case are subject to disclosure under the FOIA.
With regard to the "Personnel Change-In-Status Report," it is my opinion that this record is a "personnel record" for purposes of the FOIA. Personnel records are exempt under the FOIA only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A.25-19-105(b)(10) (Supp. 1993). As such, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted from personnel records and the remainder of the records made available for inspection and copying. This office has stated in previous attorney general's opinions that social security numbers should be excised from personnel records prior to release of the remainder of the records. See e.g. Op. Att'y Gen. No. 93-055. Thus, in this instance, it is my opinion that the social security number should be excised from the "Personnel Change-In-Status Report" and the remainder of the record released.
With regard to the "Personnel Separation Notice," it is my opinion that the record is a "personnel record" for purposes of the FOIA. Applying the precepts set forth above with regard to personnel records, it is my opinion that there is no exempt information in the "Personnel Separation Notice," and as such, the record is subject to disclosure.[1]
With regard to the "City of Dumas Payroll Data" sheet, it is my opinion that this is part of Officer's Redar's personnel record. Accordingly, as a "personnel record," the information contained therein is exempt under the FOIA only to the extent that its disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b)(10). It is my opinion that the "City of Dumas Payroll Data" sheet, in the form submitted with your request, contains no information which is subject to exemption under the foregoing standard. As such, the record is subject to disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] This office has stated in previous attorney general's opinions that unlisted addresses may be exempted from personnel records prior to disclosure. See e.g. Op. Att'y Gen. No. 93-131. In this regard, if the address of Officer Redar is unlisted, it should be exempted from the "Personnel Separation Notice" prior to disclosure of the record. An "unlisted address" has been defined in previous attorney general's opinions as "one that the individual in question has requested not to be given out through directory services." See e.g. Op. Att'y Gen. No. 93-131 at 4.